IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERIK MATTSON,                          No. 3:18-cv-00990-YY

           Plaintiff,                   ORDER

      v.

NEW PENN FINANCIAL, LLC,

           Defendant.

HERNÁNDEZ, District Judge:

       Magistrate Judge Youlee Yim You issued a Findings and Recommendation on March 8, 2021, in which she recommends that this Court grant Defendant's Motion to Deny Class Certification. F&R, ECF 85. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

       Plaintiff filed timely objections to the Magistrate Judge's Findings & Recommendation. Pl. Obj., ECF 96. When any party objects to any portion of the Magistrate Judge's Findings &

1 - ORDER

Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Judge You concluded that Plaintiff is an inadequate class representative in part because questions remain concerning whether he has standing to bring a claim under the Telephone Consumer Protection Act (TCPA). F&R 10–11. Plaintiff objects to the F&R on the ground that it improperly found that questions remain concerning whether Plaintiff has standing to bring this claim. Pl. Obj. 7, ECF 96. "[T]he law of Article III standing . . . serves to prevent the judicial process from being used to usurp the powers of the political branches and confines the federal courts to a properly judicial role[.]" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as amended on denial of reh'g,* (May 26, 2016) (internal citations and quotations omitted). To have standing to bring a claim under Article III, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 532 (9th Cir. 2019) (quoting *Spokeo, Inc.*, 136 S. Ct. at 1547). Standing to sue is measured at the time the plaintiff files suit. *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732 (2008) (characterizing standing as the "personal interest that must exist at the commencement of the litigation").

Plaintiff meets those requirements. Plaintiff personally suffered an injury in fact when he received an unwanted call from Defendant on what Plaintiff alleges was his residential phone number after Plaintiff placed it on the national Do Not Call Registry (DNCR). The injury is fairly traceable to the conduct of Defendant—there is no dispute that Defendant made the calls to

Plaintiff's phone when his phone number was on the DNCR.[1] Plaintiff's claim is also likely to be redressed by a favorable judicial decision because the TCPA creates a right to a remedy. 47 U.S.C. § 227(c)(5). Thus, Plaintiff has standing to bring this case. If Plaintiff has Article III standing to bring this case, he also has standing to bring a class action based on the same case or controversy. *See Flast v. Cohen*, 392 U.S. 83, 99 (1968) ("The fundamental aspect of standing is that it focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated.").

Whether Plaintiff meets the requirements of Rule 23 is a different question from whether he has Article III standing. *See id.* The Court adopts Judge You's conclusion that Plaintiff cannot meet the typicality and commonality requirements of Fed. R. Civ. P. 23 because individual questions concerning whether he is a residential subscriber subject to the TCPA's protections will predominate the litigation. *See Koos v. First Nat. Bank of Peoria*, 496 F.2d 1162, 1164 (7th Cir. 1974). The Court has carefully considered Plaintiff's objections and concludes that there is no basis to modify the remainder of the Findings & Recommendation. The Court has also reviewed the pertinent portions of the record *de novo* and finds no error in the Magistrate Judge's Findings & Recommendation.

///
///
///
///
///

---

[1] Defendant, however, alleges that it had consent to call Plaintiff's phone number so its phone call did not violate the TCPA.

## CONCLUSION

The Court ADOPTS IN PART Magistrate Judge You's Findings and Recommendation [85]. Defendant's Motion to Deny Class Certification [74] is GRANTED.

IT IS SO ORDERED.

DATED: _____July 9, 2021_____.

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge